STATE OF CONNECTICUT *v.* LEONARD N. HOLLOWAY

FILE No. 926

STATE OF CONNECTICUT *v.* FRANCIS M. BOUDREAUX

FILE No. 927

APPELLATE SESSION OF THE SUPERIOR COURT

Argued April 20—decided November 12, 1982

*John R. Williams,* for the appellants (defendants).

*Samuel J. Sferrazza,* deputy assistant state's attorney, for the appellee (state).

BIELUCH, J. The defendants were each charged with two counts of breach of the peace in violation of General Statutes § 53a-181 (a) (4) and § 53a-181 (a) (5).[1] The charges arose from two separate incidents, one of which occurred on December 15, 1978, and the other on January 23, 1979. On each occasion, both defendants stood on a busy street corner in the business center of West Hartford and in a loud manner spoke words to the effect that the Jews killed Jesus Christ and that they should repent to save their souls. In addition, on each occasion one or the other of the defendants wore a large sandwich board sign on which was printed a similar message.

The defendants were arraigned on January 29, 1979. The information shows by notation that each defendant was "advised of rights before plea" at that time. After pleading not guilty to each of the two charges, the defendants pro se elected to be tried by a jury.

The defendants were tried together on both counts on September 26, 1979. On that date, the trial judge noted that the defendants were not represented by counsel. However, nothing in the transcript indicates that the defendants were advised of their right to an attorney, or that they were informed of the dangers and disadvantages of proceeding in a criminal jury trial without the assistance of counsel. The jury found both defendants guilty of breach of the peace as a result of their January 23, 1979 conduct, but found them not guilty of the charges which arose from the earlier incident.

---

[1] "[General Statutes] Sec. 53a-181. BREACH OF PEACE: CLASS B MISDEMEANOR. (a) A person is guilty of breach of the peace when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he . . . (4) publicly exhibits, distributes, posts up or advertises any offensive, indecent or abusive matter concerning any person; or (5) in a public place, uses abusive or obscene language or makes an obscene gesture . . . ."

On appeal, the defendants raise three issues: (1) their convictions violate the first amendment guarantees of free speech and free exercise of religion; (2) the evidence at trial was insufficient to sustain the convictions for breach of the peace or, alternatively, the statute under which they were convicted is void for vagueness and overbreadth; and (3) the court erred in failing to ascertain whether the defendants made a knowing, voluntary and intelligent waiver of their right to counsel as required by Practice Book § 961. We need not address the first two questions because our ruling on the third issue is dispositive of this appeal.

Defendants in criminal matters have a constitutional right to the assistance of counsel. U.S. Const., amends. VI, XIV § 1; Conn. Const., art. I § 8; *Gideon* v. *Wainwright,* 372 U.S. 335, 342–43, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963). This right may be waived, but only after the court is satisfied that the waiver was make knowingly, voluntarily and intelligently. *Carnley* v. *Cochran,* 369 U.S. 506, 515–16, 82 S. Ct. 884, 8 L. Ed. 2d 70 (1962); *Johnson* v. *Zerbst,* 304 U.S. 458, 464–65, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938).

Practice Book § 961 sets forth the procedure and requirements where by the trial court may accept a defendant's waiver of his right to an attorney. This section provides: "A defendant shall be permitted to waive his right to counsel and shall be permitted to represent himself at any stage of the proceedings, either prior to or following the appointment of counsel. A waiver will be accepted only after the judicial authority makes a thorough inquiry and is satisfied that the defendant: (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled; (2) Possesses the intelligence and capacity to appreciate the consequences of the decision to represent himself; (3) Comprehends the nature of the charges and proceedings, the range of permissible punishments, and any addi-

tional facts essential to a broad understanding of the case; and (4) Has been made aware of the dangers and disadvantages of self-representation."

The record in the present case is totally devoid of any such inquiry on the part of the trial judge.[2] Presuming waiver of a constitutional right from a silent record is impermissible. *Carnley* v. *Cochran,* supra, 516.

The state contends that the failure of the trial judge to conduct an inquiry of the defendants concerning their desire to represent themselves was harmless because the defendants do not dispute the facts giving rise to the charges, and, therefore, the presence of counsel would not have affected the result. We do not agree.

The facts of this case clearly demonstrate the need for assistance of counsel at the trial level. The defendants were each charged with two counts which arose from the separate incidents. Nothing in the record indicates that the defendants were aware of their right, under Practice Book § 828, to move for severance of the two offenses.[3] Moreover, both defendants took the stand and testified in their own behalf. The transcript contains no indication that they were made aware of the fact that they were not required to testify. Had they been assisted by counsel they may have elected not to

---

[2] The only discussion between the judge and the defendants concerning their desire to represent themselves was the following:

"The Court: Are you Boudreaux?

"Mr. Holloway: I'm Holloway.

"The Court: You don't have a lawyer here?

"Mr. Holloway: No, sir.

"The Court: You decided you wouldn't get a lawyer?

"Mr. Holloway: Yes, we decided to defend ourselves.

"The Court: To defend yourselves. And was that your decision also, Mr. Boudreaux?

"Mr. Boudreaux: Yes."

[3] This may well have had a bearing on the outcome since testimony of witnesses who observed the defendants on the December occasion was interspersed with testimony of others who observed the defendants on the later date. Thus, the jury may have considered evidence from the earlier occasion in reaching its verdicts of guilty on the charges which arose from the January incident.

testify, relying, instead, upon their constitutional privilege against self-incrimination, the presumption of their innocence, and the state's singular burden to prove them guilty beyond a reasonable doubt. There is nothing in the record to indicate that they were informed of their right to submit proposed jury instructions or to take exception to the instructions given. These considerations are but a small part of the criminal trial lawyer's knowledge of procedural steps for insuring that an accused receive a fair trial. Without these considerations the criminal defendant is at a disadvantage in the defense of his trial. Thus, at a minimum, the trial judge should have satisfied himself, under Practice Book § 961, that the defendants made a knowing, voluntary and intelligent waiver of their constitutional right to counsel before allowing them to defend themselves at their trial pro se.

Accordingly, we find that the trial court's failure to comply with the procedure mandated by Practice Book § 961 deprived the defendants of a fair trial.

There is error, the judgment in each case is set aside, and the cases are remanded with direction to render judgment that each defendant is not guilty and order that he be discharged.

In this opinion COVELLO and SPADA, Js., concurred.